IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TAMMY KAY SHELTON                                                                        PLAINTIFF

v.                               Civil No. 12-2296

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                           DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Tammy Shelton, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff filed her application for DIB and SSI on July 7, 2009, and November 3, 2009, respectively, alleging an onset date of July 2, 2005, due to bone spurs in her back and neuropathy in her feet and hands.  Tr. 24, 132-135, 158, 178.  The Commissioner denied Plaintiff's application initially and on reconsideration.  Tr. 78-82, 86-87.  An administrative hearing was held on October 5, 2010.  Tr. 39-77.  Plaintiff was present and represented by counsel.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the hearing, Plaintiff was 44 years old and possessed a high school education. Tr. 23, 35. She had past relevant work "(PRW") experience as a sewing machine operator, hand packager, and material cutter. Tr. 23, 35-39, 61-62.

On May 27, 2011, the ALJ found Plaintiff's degenerative disk disease ("DDD") of the lumbar spine, diabetes mellitus with peripheral neuropathy, obesity, left foot neuroma, osteoarthritis and hammertoe deformity, pain disorder, dysthymia, generalized anxiety disorder, obsessive compulsive/impulse control disorder, and dependent personality disorder were severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 15-18. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that he retained the residual functional capacity ("RFC") to

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can only occasionally climb, balance, stoop, kneel, crouch, and crawl. In addition, she can only do work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote with few variables and little judgment involved, and the supervision required is simple, direct, and concrete.

Tr. 18. With the assistance of a vocational expert, the ALJ then concluded that Plaintiff could perform work as a surveillance system monitor, lens inserter, and film touchup inspector. Tr. 24.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on October 2, 2012. Tr. 1-6. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 9, 12.

**II.     Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

AO72A
(Rev. 8/82)

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Adequate medical evidence must therefore exist that addresses the claimant's ability to function in the workplace. *See Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). The Court has held, however, that the ALJ is not at liberty to make medical judgments regarding the ability or disability of a claimant to engage in gainful activity where such inference is not warranted by clinical findings. *McGhee v. Harris*, 683 F. 2d 256 (8th Cir. 1982). And while the issue is not the existence of pain, the issue is whether the Plaintiff's experience of pain precludes substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

AO72A
(Rev. 8/82)

The record reveals that Plaintiff suffered from severe degenerative disk disease of the lumbar spine, for which muscle relaxers and narcotic pain medications have been consistently prescribed. Tr. 266, 339, 452, 499, 526, 544). Plaintiff's symptoms have included lower back pain with pain and numbness radiating into her legs, especially on the right. Tr. 347. A whole body scan conducted in 2005 showed increased activity in the lower left cervical spine that appeared to be degenerative in nature and moderate tracer activity bilaterally at the L4 level. Tr. 270. An MRI in 2009 showed advanced degenerative changes at the L4 through S1 levels manifested by intervertebral disk space narrowing and subchondral and facet hyperostosis with low-grade spondylolisthesis. Tr. 297. In November 2010, orthopedist Dr. Ted Honghiran noted a decreased range of motion in Plaintiff's cervical and lumbar spine. Tr. 538. He also indicated that her prognosis was only fair. Tr. 536. Further, neurologist Dr. David Oberlander conducted nerve conduction studies and determined that Plaintiff was suffering from peripheral neuropathy as well as reduced distal reflexes, impaired sensory appreciation in the legs bilaterally, spasm in the lower back region, positive straight leg sign at thirty degrees bilaterally, and a reduced range of motion in the lower back. Tr. 539-543.

Dr. John Friedl, the chronic pain specialist treating Plaintiff, also noted that a CT of her lumbar spine conducted in January 2011 revealed slight degeneration and anterior listhesis of the L4 and L5 levels with moderate to severe degenerative facet athrosis at the L3-4 and L4-5 levels. Tr. 544. He prescribed Lorcet and Valium to treat her pain and spasms. Tr. 544.

AO72A
(Rev. 8/82)

On August 4, 2011, Dr. Terry Hoyt conducted an examination of Plaintiff.[2] Tr. 553-556. He concluded that Plaintiff could sit for one to two hours per eight-hour workday, stand for one hour, and walk for thirty to forty-five minutes. Tr. 554. Further, he indicated that she would need to alternate between sitting and standing at fifteen minute intervals or less, and would need to elevate her legs when seated. Dr. Hoyt also assessed Plaintiff with several environmental limitations that are not accounted for in the ALJ's RFC assessment. Tr. 556.

The ALJ concluded Plaintiff could perform sedentary work involving only occasional climbing, balancing, stooping, kneeling, crouching, and crawling. However, Plaintiff contends that she is unable to sit for the six hours that is required to perform sedentary work. And, we agree that the evidence does call in to question her ability to sit for extended periods of time.

Degenerative disk disease refers to a condition in which pain is caused by age related damage to the disks. *See* Cedars-Sinai, *Degenerative Disk Disease*, http://www.cedars-sinai.edu/Patients/Health-Conditions/Degenerative-Disc-Disease.aspx (last accessed November 14, 2013). When the disks of the lower back are affected, it is common for the pain to be made worse by sitting because sitting actually places three times more pressure on the disks in the lower back than does standing. *Id*. It is noted, however, that changing positions often or even lying down can help lessen the pain. *Id*.

Given Plaintiff's diagnosis of severe degenerative disk disease, the results of objective medical tests performed, and her physical exams, we do not find that substantial evidence

---

[2] We note that this evidence was obtained after the ALJ had issued his decision, but because it was submitted to and considered by the Appeals Council, we must determine if the record as a whole, including evidence that is new and material, supports the ALJ's determination. *Cunningham v. Apfel*, 222 F.3d 496, 500 (8th Cir. 2000). And, medical evidence dated after the ALJ's decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision. See id. at 502.

supports the ALJ's conclusion that Plaintiff can sit without interruption for the six hours required to perform sedentary work. Accordingly, remand is necessary to allow the ALJ to reconsider Plaintiff's RFC.

On remand, the ALJ is also directed to review the psychological evaluation of Dr. Robert Spray, conducted on July 18, 2011. Tr. 545-551. Although this was not in the record at the time of the ALJ's decision, we believe it should be considered on remand, as it could have bearing on Plaintiff's mental RFC.

## IV.   Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this <u>15th</u> day of November 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)